**Illinois Central Railway Company v. Clinton L. Heath.**

### Gen. No. 4,653.

1. ORDINARY CARE—*how question of determined.* The question of ordinary care, where the evidence is conflicting, is one of fact to be determined by the jury from all the evidence.

Action in case for personal injuries   Appeal from the Circuit Court of Kankakee county; the Hon. F. L. HOOPER, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

W. R. HUNTER, for appellant; JOHN G. DRENNAN, of counsel.

LYNN & ROE and T. W. SHIELDS, for appellee; JAMES W. KEATING, of counsel.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is an action on the case brought by appellee, Clinton L. Heath, against the appellant, Illinois Central Railway Company, for personal injuries sustained by him, resulting in the loss of his right arm, while in the employ of the appellant as a switchman. The case was submitted to a jury, and the verdict was returned against appellant for $10,000. A motion for a new trial was overruled, and the court entered judgment for $10,000, from which this appeal is prosecuted.

The principal errors relied upon and urged to reverse this judgment are, that the verdict is not supported by the evidence, that the injury was the result of appellee's negligence, and that erroneous instructions were given for appellee.

The evidence in this case shows that Clinton L. Heath, appellee, was employed by the appellant as a switchman, that his duties were to cut off cars, couple and uncouple them; that while working in Fordham Yards near Chicago on the night of September 11,

1904, about ten o'clock, he was switching and distributing cars upon the different tracks under orders of engine foreman and conductor James Murphy. At the time of the injury four cars were being switched, and as the cars came towards Heath, the conductor ordered him to cut off the car and close the knuckle, and in obedience thereto appellee stepped across the track and lifted the lever to let the cars separate, and continued to walk with them so that he could close the knuckle on the car when the cars got far enough apart. When the cars came near others standing on the track, he took hold of the back of the brake rod on one of the cars with his left hand and was reaching to strike the knucke to close it, when he stepped into a hole, which caused him to lose his balance and pitch forward, and before he could recover the knuckle of the car caught his arm, injuring it so that it became necessary to have it amputated. Appellee testified that the knuckles fasten themselves automatically, and can be opened with a rod or lever to the side of the car. To close the knuckle, he testified, you have to move it in some manner, your hand generally is the way, or you can kick it shut with your foot, and that the men in appellant's yard closed the knuckle just the same as he closed it, either with the foot or hand.

The question whether the yard where appellee was injured was in a reasonably safe condition for the performance of the work required is a question of fact for the jury. There is sufficient evidence in the record upon which to base the verdict. Appellee testified that he felt the hole as he stumbled into it, and lost his arm by reason thereof. In regard to the hole being there, he was corroborated by Robert Byrns, who testified that he saw the hole and that the track was in bad shape. Appellant's witnesses, the track foreman and his two assistants, testified that the next morning they looked for holes and found none. Appellant argues that the testimony of appellee and witness

Byrns on this point is not convincing and that it was
an afterthought, because nothing was said about it in
the statement given to appellant's claim agent.   It is
not to be expected, in the condition that the appellee
was at the time the statement was made, that every-
thing would be contained in the statement, and there
is no evidence to the effect that appellant's claim agent
asked particularly in reference to the hole in the
tracks.   The jurors saw and heard the witnesses, and
it was for them to determine the weight to be given to
the testimony and to judge as to the credibility of the
witnesses.

In regard to the injury and the manner in which it
was received, the testimony of the appellee is uncon-
tradicted, that he was acting under the order of James
Murphy, conductor and engine foreman, who ordered
him to "cut off that car and close the knuckle," and
that in doing so he stepped in the hole and received the
injuries sued for.   He also testified that the knuckle
could not be closed with the lever and there was no
other way to do the work except to close the knuckle
with his hand or his foot, and this was the way it was
done by all the men in appellant's yard.   Appellant
failed to call in witnesses James Murphy, conductor
and engine foreman, and others who were working
with the appellee at the time of the injury, and con-
sequently failed to present facts which would have
served as a foundation for the arguments they now
put forth.   Appellant argues at length that the injury
could have been avoided by appellee had he used the
rod or lever.   Whether or not it was a proper place
and time to use the rod or lever and whether or not the
appellee was in the exercise of reasonable care for
his own safety were questions for the jury, and they
have decided adverse to the appellant.   We do not
feel warranted in disturbing their findings.

Complaint is made of the fifth instruction given by
the court for appellee, and appellant argues that it

failed to take into consideration one of its defenses that of the non-use of the safety appliance, and that it is therefore erroneous and this case should be reversed. Whether or not an instruction is bad depends upon the evidence, and we are of the opinion that the evidence in this case does not show that the safety appliance was applicable at the time of the injury, and that the jury were sufficiently instructed as to the use of the safety appliance under that part which told them that they must find that the appellee was in the exercise of ordinary care before he could recover. The mere fact that a car is equipped with an automatic coupler does not render the use, non-use or misuse of any part of it contributory negligence as a matter of law. We think the jury was fairly instructed as to the issues in the case.

Finding no error in the record, the judgment is therefore affirmed.

*Affirmed.*